**Larry LATHAM, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 03–3469.

United States Court of Appeals, Sixth Circuit.

Aug. 6, 2004.

Larry Latham, Bradford, PA, pro se.

Gary L. Spartis, Columbus, OH, for Respondent–Appellee.

Before BOGGS, Chief Judge; DAUGHTREY, Circuit Judge; and WISEMAN, District Judge.*

## ORDER

Larry Latham, a pro se federal prisoner, appeals a district court order denying his motion for recusal filed pursuant to 28 U.S.C. §§ 144 and 455. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1997, Latham was convicted by a jury of multiple counts of federal narcotics and firearms offenses and was sentenced to life in prison. This court affirmed his conviction on all counts except for Count Two.

---

* The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

*See United States v. Owusu,* 199 F.3d 329 (6th Cir.2000), *reh'g en banc denied,* (March 31, 2000). In 2001, the district court denied Latham's motion for the return of property. In 2003, the district court denied Latham's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. Both the district court and this court declined to issue a certificate of appealability.

The subject of this appeal is a recusal motion filed shortly after Latham filed his § 2255 motion. In the recusal motion, Latham essentially asserted that: 1) the district judge, Judge James Graham, possessed extrajudicial knowledge of Latham's alleged drug activities because Latham's formerly estranged son had belonged to a prayer class led by Judge Graham; and 2) Judge Graham was prejudiced against Latham because the Federal Bureau of Investigation had investigated Latham, albeit without ever bringing charges, for allegedly putting a "contract" on the judge. In his brief on appeal, Latham also avers that Judge Graham was prejudiced against Latham by the judge's charitable involvement with the community in which Latham allegedly led a drug ring, as shown by Judge Graham's allegedly harsh remarks during the sentencing hearing. The district court denied the motion on February 28, 2003, and Latham filed a notice of appeal on March 5, 2003.

■ Latham asks that we reverse his convictions because of Judge Graham's alleged bias. But as the Government notes, Latham repeatedly moved for Judge Graham's recusal during the criminal proceedings. Having failed to appeal timely the denial of those motions, Latham cannot now resurrect those stale motions by filing a new one to the same purpose.

Nevertheless, we do not agree with the Government that Latham's latest recusal motion is unreviewable because it merely repeats his prior, unreviewable motions. Latham's motion is best construed as applying only to Judge Graham's adjudication of Latham's § 2255 motion. That motion is in the nature of a civil matter and is separately docketed in the district court. As to the § 2255 motion, this recusal motion is unique and timely. Therefore, we will consider the merits of the recusal motion.

■ Upon review, we conclude that the district court did not abuse its discretion. *See Easley v. Univ. of Mich. Bd. of Regents,* 853 F.2d 1351, 1355 (6th Cir.1988).

Section 455(a) provides that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Circumstances requiring disqualification include personal bias or prejudice concerning a party or having a financial interest in the subject matter in controversy. *See* 28 U.S.C. § 455(b)(1) and (4). A judge must recuse himself only "'if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality.'" *United States v. Sammons,* 918 F.2d 592, 599 (6th Cir.1990) (quoting *Hughes v. United States,* 899 F.2d 1495, 1501 (6th Cir.1990)). Moreover,

> opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Liteky v. United States,* 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). This court may consider allegations of bias

raised for the first time on appeal as § 455 is a self-executing provision for the disqualification of judges which sets forth no particular procedure for a party to follow. *Easley,* 853 F.2d at 1357.

The district court did not abuse its discretion as none of Latham's allegations mandated recusal. Latham failed to show that Judge Graham had extrajudicial knowledge of Latham's drug-trafficking crimes. In his affidavit, Latham's son, Larry Latham, Jr., merely stated that Judge Graham had asked, at an unspecified time, whether his father had ever sold or used drugs around him. Larry Latham, Jr., did not indicate that he informed Judge Graham of any activity. Neither the FBI investigation, nor any comments made by Judge Graham support recusal.

Accordingly, all pending motions are denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.